UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                            Case No. 16-12400-WRS
                                                                 Chapter 13
TRAVIS L. CROWLEY,

    Debtor

**MEMORANDUM DECISION**

This Chapter 13 case came before the Court for an evidentiary hearing on March 1, 2017, (Doc. 26) on the Objection to Claim #3, filed by the Debtor. (Doc. 16). The question before the Court is whether Ex-wife's claim for reimbursement of Debtor's child's medical expenses is barred by the doctrine of laches. For the reasons set forth below, the Objection is SUSTAINED IN PART AND OVERRULED IN PART.

**I. FACTS**

The Debtor filed a petition in bankruptcy on December 19, 2016. (Doc. 1). The Debtor's former spouse, Stacy Cupples, filed a proof of claim in the amount of $3,035.54, contending that she is entitled to priority pursuant to 11 U.S.C. § 507(a)(1)(A). (Claim No. 3). All of the amounts claimed are for medical expenses for the parties' children. None are periodic payments for child support. Cupples documented her claim with a copy of the parties' Divorce Decree and Settlement Agreement. (Claim No. 3). Paragraph 3 of the Settlement Agreement provides as follows:

> The wife shall carry the medical insurance covering the child and the parties shall each pay fifty (50%) percent of all non-covered medical, dental, orthodontic, prescription drug and eye care expenses. The wife shall furnish husband with a copy of a medical insurance card.

Cupples further documented her claim by providing copies of medical expense ledgers provided by various health care providers.  A few of the charges were as early as 2008, but the majority were from 2012 or more recently.  At the hearing, Crowley argued that the local District Attorney will not sue to collect medical bills more than three years old when acting on behalf of custodial parents who are receiving public assistance.

## II.  LAW

### A.  Subject Matter Jurisdiction

This Court has subject matter jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(B).  This is a final order.

### B.  The Doctrine of Laches

To begin, the Court observes that the Settlement Agreement does not contain any provision calling for Cupples to submit medical bills within any specified period of time.  Indeed, the Debtor made no such argument.  The Debtor's argument concerning the practice of the local District Attorney—that it would not sue to collect medical bills more than three years old—is of interest, but does not control.  The Debtor does not cite any Alabama statue of limitation for making such claims, and the Court, conducting its own research, is unable to find any.

The precedent appearing most pertinent to the Court is Mills v. Dailey, 38 So.3d 731 (Ala. Civ. App. 2008).  In Mills, the former spouse brought suit in 2005 seeking, among other things, reimbursement for documented medical expenses incurred between 1990 and 1992. The payor spouse in Mills raised the defense of the doctrine of laches.  The Court in Mills cited the case of Ex parte Grupps, 542 So. 2d 927, 928-29 (Ala. 1989).

Case 16-12400    Doc 43    Filed 06/08/17    Entered 06/08/17 11:40:56    Desc Main
Document      Page 2 of 5

> 'Laches' is defined as neglect to assert a right or a claim that, taken together with a lapse of time and other circumstances causing disadvantage or prejudice to the adverse party, operates as a bar. See Black's Law Dictionary 787 (5th ed.1979). Laches is an equitable doctrine designed to prevent unfairness to a defendant ... due to a plaintiff's ... delay in filing suit, in the absence of an appropriate statute of limitations. Equal Employment Opportunity Commission v. Dresser Industries, Inc., 668 F.2d 1199 (11th Cir.1982). It is based on the public policy discouraging stale demands and is not based upon mere lapse of time. It is principally a question of the inequity of permitting a claim to be enforced where some change in condition has taken place that would make the enforcement of the claim unjust. Davis v. Alabama Power Co., 383 F.Supp. 880 (N.D.Ala.1974), affirmed, 542 F.2d 650 (5th Cir.1976), affirmed, 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977). It is designed to prevent unfairness caused by a party's delay in asserting a claim or by his failure to do something that equity would have required him to do. Sims v. Lewis, 374 So.2d 298 (Ala.1979); United States v. Olin Corp., 606 F.Supp. 1301 (N.D.Ala.1985); Golightly v. Golightly, 474 So.2d 1150 (Ala.Civ.App.1985).

In Mills, the Court considered the doctrine of laches and found that the payor-husband "did not present evidence from which one could conclude that he was prejudiced by the mother's delay in seeking reimbursement of the medical expenses of the children." Mills at 738.

In the case at bar, the Debtor complained of the delay in presenting the claimed medical expenses; however, he did not offer any evidence of prejudice. To be sure, the oldest bill was nine years old when presented, but Mills makes clear that the passage of time alone is insufficient to establish a laches defense. To bar a claim for laches, one must show both unreasonable delay and prejudice. Mills at 735. As was the case in Mills, it is the second element which is lacking here. As the Debtor has offered no evidence of prejudice, his laches defense must fail.

-3-

### C. The Debtor Established Technical Flaws in Certain Amounts Claimed

The Debtor argued at the hearing that the claim seeks $2,850.00 for orthodontics, without giving credit for $936.00 paid by him. This was not disputed at the hearing. Accordingly, the claim is adjusted downward by $936.00.

Second, there is an error in the amount claimed for ENT care. The amount claimed is $123 and the amount properly allowed is $73. Thus, the claim is reduced by the difference, which is $50.00.

Third, there is an amount claimed for Pediatric Dentistry in the amount of $294.70. The amount properly allowed is $291.70. The difference, $3.00, is deducted from the proof of claim.

Thus, the proof of claim amount of $3,640.74, is reduced by $936.00, $50.00 and $3.00, for an allowed proof of claim in the amount of $2,651.74

## III. CONCLUSION

The Debtor's objection to Claim No. 3 of Stacy Cupples is overruled insofar as he claims that it is barred, in whole or in part, by either the statute of limitations or the doctrine of laches. The technical objections, set out in Part II(C) above are largely undisputed and sustained. Claim No. 3 is allowed in the amount of $2,651.74 as a priority claim.

Done this 8th day of June, 2017.

United States Bankruptcy Judge

c: Samantha Valenzuela, Attorney for Debtor
   Donna C. Crooks, Attorney for Stacy Cupples
   Sabrina L. McKinney, Trustee